The appellants from the order made at special term take three objections, neither of which were there alluded to, but all of which may be easily disposed of notwithstanding.

I. That this court has no jurisdiction of the motion, the moving papers not showing that a transcript of the judgment had been filed with the county clerk.

As to this, it appeared that he had issued an execution on the judgment to the sheriff; and as an execution out of a district court can only issue to a constable (see District Court Act, *Laws of* 1857, ch. 344, §§ 51, 52), it must be presumed that a transcript had been filed.

II. That it did not appear that the undertaking given was in the form prescribed for staying proceedings on the appeal.

The affidavit clearly indicates, indeed, the only inference that can be drawn from it is, that the undertaking was one in the usual form for staying proceedings; but, as no objection to its form or sufficiency was made below, it cannot now be considered.

III. That if the execution was irregularly issued, the notice of motion was defective in not specifying the irregularity.

There was no question of irregularity involved in the motion. The plaintiffs, in violation of law, had issued an execution, under which they were about seizing the defendant's property. No mere question of practice was involved in such an act, but a substantial grievance, which the defendant was entitled to have remedied without regard to forms or technicalities.

The order should be affirmed.

---

## WATSON *a*. BARKER.

*Supreme Court, First District; General Term, May,* 1863.

FINDINGS OF FACT.—IMPERFECT CASE.

On appeal from a judgment, rendered on a trial by the court without a jury, the case must show not only the facts on which the grounds of the defendant's liability rest, but also the facts on which the particular sum for which judgment was rendered depends.

Where judgment was rendered for the plaintiff in an action tried by the court without a jury, but no findings of fact were made, so that it did not appear upon what ground the particular sum was awarded,—*Held*, that the hearing before the general term of an appeal from the judgment must be suspended until such findings were supplied.

Appeal from a judgment.

This action was brought by Elias Watson against William C. Barker, to recover $3,700. The facts are sufficiently stated in the opinion. The plaintiff had judgment, and the defendant appealed.

*Wright & Merrihew*, for the appellant.

*J. M. Dudley*, for the respondent.

Sutherland, P. J.—This cause is not in a condition to be heard at general term. The cause was tried by a justice of this court without a jury. There are no findings of facts in the case. There is in the case an opinion by the justice, in which he assumes or states certain facts to be proved, and enunciates certain principles of law, and, at the conclusion of which, he says there should be judgment for the plaintiff for the amount claimed, deducting certain payments already made; but he does not specify these payments, and there is no finding of facts from which it can be ascertained what payments were made. The plaintiff claimed in his complaint $3,700, and interest on the same from 1st July, 1856. Judgment was rendered for the plaintiff for $3,563.88. It is impossible to say from the case upon what ground judgment was rendered for this sum. The justice who tried the case should settle the findings of the facts upon which he rendered the judgment, and such findings must be incorporated in the case; and the hearing of the case at general term should be suspended until that is done.

Ingraham and Clerke, JJ., concurred.